UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-14013-CR-MORENO/GARBER

UNITED STATES OF AMERICA,

v.

LORENZO JENNINGS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before the Court by Order of Reference from Chief United States District Judge Federico A. Moreno.  Pursuant to such reference, the Court has received: defendant Lorenzo Jennings' Motion for Reduction of Sentence Pursuant to this Court's Equitable Power and 18 U.S.C. § 3582(c)(2) [DE 610]; and the government's response, agreeing that the defendant is entitled to the relief sought, albeit in the discretion of the Court [DE 615].  The government seeks a delayed release of 10 days within which to determine whether the defendant is subject to possible civil commitment as a sexually dangerous person, to notify law enforcement officials and sex offender registration officials of the release of a sex offender, and to notify victims and witnesses of the release of such offender.  No hearing on said Motion was held. The defendant is represented by Michael Caruso, Interim Federal Public Defender; the government is represented by Assistant United States Attorney Jennifer C. Millien.

_____

**DISCUSSION**

The defendant, at his sentencing pursuant to then effective Sentencing Guidelines, was determined to have a guideline range of 360 months to life imprisonment. The Court sentenced him to 360 months imprisonment, the bottom of the guideline range.

Subsequently, under the 2007 amended guidelines governing sentencing on offenses involving crack cocaine, the defendant's revised guideline range was determined to be 292-365 months. The Court then sentenced the defendant to 292 months, the low end of the 2007 Guidelines.

On August 3, 2011, the Fair Sentencing Act was signed into law by President Obama, which reduced the 100-1 powder to crack ratio to 18-1. Emergency Amendments were adopted by the Sentencing Commission and took effect on November 1, 2010.

On April 6, 2011, the Sentencing Commission adopted a permanent amendment that implemented the requirements of the Fair Sentencing Act, also permitting such amendments to be applied retroactively, and establishing November 1, 2011 as the effective date of retroactivity.

An application of the reduced offense level allows an amended guideline range of 235-293 months for the defendant, pursuant to the provisions of 18 U.S.C. § 3852(c)(2). Under his present sentence now being served, the defendant's current release date is October 14, 2012. If the defendant obtains the relief that he seeks (a reduction to 235 months), he is now eligible for release. The government agrees that the defendant is eligible for the reduction to 235 months, but requests that his release be delayed for at least 10 days, as set forth above. In view of the fact that the defendant's Motion now before the Court was filed on October 20, 2011, and the government's response was filed on November 1, 2011, the government has had more than adequate time within which to address its concerns. The government has set forth no factual basis for suggesting that the defendant

might be a sexual offender subject to registration requirements. Such assertions by the government appear to be a "shotgun" approach which, in this instance, would impose an additional unnecessary hardship on the defendant, who has essentially completed his sentence under the current Sentencing Guidelines.

### RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record and consideration of the submissions of the parties, the undersigned respectfully

RECOMMENDS that the defendant Lorenzo Jennings' Motion for Reduction of Sentence, etc., in the Court's discretion, should be GRANTED and that his sentence be reduced to 235 months, which made him eligible for release as of November 1, 2011.

The Court further RECOMMENDS that the government's request for a stay of release for 10 days be DENIED.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Chief United States District Judge Federico A. Moreno. See 28 U.S.C. §636. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 13th day of December, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE